UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| ROBERT ANDREW WOLTER,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>METROPOLITAN DETENTION CENTER LOS ANGELES,<br><br>　　　　Defendant. | Case No. 2:23-cv-03207-SSS-JDE<br><br>ORDER TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE DISMISSED UNDER 28 U.S.C. § 1915(g) |

On April 24, 2023, the Court received from Robert Andrew Wolter ("Plaintiff"), an inmate or detainee at the Burliegh Morton Detention Center in Bismarck, North Dakota, proceeding pro se, a civil rights complaint under Bivens v. Six Unknown Agents, 403 U.S. 388 (1971) ("Bivens") against the Metropolitan Detention Center Los Angeles ("MDC") based on events that allegedly occurred at MDC while Plaintiff was detained there in 2021 and 2022. Dkt. 1 ("Complaint"). Plaintiff seeks leave to proceed in forma pauperis ("IFP"). Dkt. 2 ("IFP Request").

Under 28 U.S.C. § 1915(g), a prisoner is prohibited from "bring[ing] a civil action or appeal" IFP if the prisoner:

> has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Section 1915(g) "is commonly known as the 'three strikes' provision. 'Strikes' are prior cases or appeals, brought while the plaintiff was a prisoner, which were dismissed 'on the ground that[they were] frivolous, malicious, or fail[] to state a claim . . . ." Andrews v. King, 398 F.3d 1113, 1116 n.1 (9th Cir. 2005) (as amended) (first two alterations in original). Section 1915(g) provides a narrow exception permitting a prisoner who has had three prior "strikes" but who is in "imminent danger of serious physical injury" to proceed despite the strikes. 28 U.S.C. § 1915(g); see also Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc). The danger must exist at the time the prisoner filed the complaint, not at some earlier or later time. Andrews v. Cervantes, 493 F.3d 1047, 1053 (9th Cir. 2007) (as amended).

Courts may raise Section 1915(g) sua sponte and dismiss the action after providing the plaintiff with an opportunity to be heard. See Andrews, 398 F.3d at 1120; see also Strope v. Cummings, 653 F.3d 1271, 1273 (10th Cir. 2011) (courts "may raise the issue of strikes sua sponte"); Hernandez v. Ventura Cty., 2010 WL 5313476, at *2 (C.D. Cal. Nov. 16, 2010) ("Courts may, sua sponte, dismiss an action that is barred by Section 1915(g), but must notify the prisoner/litigant of the strikes it considers to support such a dismissal, and allow the prisoner an opportunity to be heard on the matter before dismissing the case."), report and recommendation adopted by 2010 WL 5315438 (C.D. Cal. Dec. 15, 2010). Once the Court notifies a plaintiff that his case may be subject to dismissal under Section 1915(g), the plaintiff bears the ultimate

burden of persuading the Court that Section 1915(g) does not apply. Andrews, 398 F.3d at 1120. "A dismissal under Section 1915(g) is without prejudice to a plaintiff refiling his civil rights complaint after prepayment of the full filing fee." Hernandez, 2010 WL 5313476, at *2.

Here, although the Court makes no current findings, the docket of other courts, of which this Court takes judicial notice, appear to reflect at least three prior civil actions filed by Plaintiff while incarcerated that resulted in dismissal for being frivolous, malicious, or failing to state a claim upon which relief may be granted under 28 U.S.C. § 1915(e)(2):

1. Robert Andrew Wolter v. Federal Public Defender's Office, No. 1:21-cv-117-CRH (D.N.D. Sept. 13, 2021) (Dkt. 12) (dismissing Plaintiff's complaint after finding it was "frivolous and otherwise fails to state a claim for which relief may be granted").

2. Robert Andrew Wolter v. Federal Public Defender's Office, No. 1:21-cv-201-DLH-CRH, 2021 WL 6427818, at *1 (D.N.D. Dec. 15, 2021) (affirming report and recommendation of dismissal of claims "mirror[ing]" those dismissed in a previous action for failure to state a claim and dismissing case with prejudice).[1]

3. Robert Andrew Wolter v. Lovett, No. 20-20341 (BRM) (LDW), 2022 WL 686378, at *3 (D.N.J. Mar. 8, 2022) ("Case No. 20-20341") (dismissing complaint for failure to state a claim).[2]

---

[1] See Childs v. Miller, 713 F.3d 1262, 1265-66 (10th Cir. 2013) ("We conclude that the dismissal of a complaint as repetitive and an abuse of process constitutes a strike under § 1915(g), regardless of whether the district court used the words frivolous or malicious." (internal quotation marks omitted)).

[2] The district court granted Plaintiff leave to file a fourth amended complaint by a date certain if Plaintiff could cure the deficiencies the court had noted in its memorandum opinion (see Case No. 20-20341, Dkt. 18), but Plaintiff did not do so.

3

    4.    <u>Robert Andrew Wolter v. Agnew</u>, No. 22-134 (BRM) (JBC) (D.N.J. Jan. 12, 2022) (Dkt. 3) (dismissing complaint as a "duplicate" of Case No. 20-20341).[3]

    5.    <u>Robert Andrew Wolter v. Lovett</u>, No. 2:20-cv-20372 (BRM) (CLW), 2022 WL 1308359, at *1-2 (D.N.J. May 2, 2022) (dismissing complaint for failure to state a claim).

In addition, at least one other district court has found Plaintiff, in attempting to proceed IFP in a <u>Bivens</u> actions against his jailers, has received at least three prior "strikes" under 28 U.S.C. § 1915(g). See <u>Robert Andrew Wolter v. County of Grady</u>, No. CIV 22-380-HE, 2022 WL 4230241 (W.D. Okla. Aug. 26, 2022), <u>report and recommendation adopted by</u> 2022 WL 4225792 (W.D. Okla. Sept. 13, 2022),

As it appears that Plaintiff, a "prisoner," has had at least three prior civil actions he commenced as a prisoner dismissed as frivolous, malicious, or for failing to state a claim upon which relief may be granted, it appears this action is subject to dismissal under 28 U.S.C. § 1915(g). Further, as Plaintiff is no longer housed at MDC, he is not currently under imminent danger of serious physical injury stemming from the allegations in the Complaint.

Accordingly, Plaintiff is ORDERED TO SHOW CAUSE why his request to proceed IFP should not be denied on the grounds that he has suffered three or more "strikes" within the meaning of 28 U.S.C. § 1915(g) and has not plausibly alleged that he is currently under imminent danger of serious physical injury. **Within twenty-one (21) days of this Order,** Plaintiff shall file a written response setting forth any legal or factual basis why this action should not be dismissed under 28 U.S.C. § 1915(g). In the alternative, Plaintiff may avoid dismissal by paying the full filing fee within this deadline.

---

[3] See <u>Childs</u>, 713 F.3d at 1265-66.

The Court warns Plaintiff that failure to timely respond as directed in this Order may result in the denial of Plaintiff's IFP request and the dismissal of this action.

Dated: April 28, 2023

_____
JOHN D. EARLY
United States Magistrate Judge